UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Wendy Consolo,                                              Case No. 17-cv-681

        Plaintiff

    v.                                                       MEMORANDUM OPINION

United Mediation Group, LLC, et al.,

        Defendants


I.    INTRODUCTION

This matter is before me on the motion of Plaintiff Wendy Consolo for entry of a default judgment pursuant to Fed. R. Civ. Pro. 55 against Defendants United Mediation Group, LLC and Anthony Faulise. (Doc. No. 6). For the reasons stated below, Consolo's motion is granted.

II.    BACKGROUND

Defendant United Mediation Group, LLC ("UMG") is a debt collection entity that is owned and operated by Defendant Anthony Faulise. (Doc. No. 1 at 3). In an effort to collect an alleged outstanding payday loan, UMG placed half a dozen phone calls to Plaintiff Wendy Consolo's cell phone using an automated dialing system. *Id.* at 4. During these phone calls, UMG misrepresented itself as entities other than a debt collector and engaged in fear tactics, including threatening criminal charges and arrest. *Id.* at 3-4. UMG made these calls not only to Consolo's cell phone, but also to her work, her sister, and her ailing mother. *Id.* at 4. Consolo alleges that the phone calls resulted in emotional and related physical injury to herself including depression, anxiety, stress, and loss of sleep. *Id.*

On September 27, 2017, I held a hearing to assess the extent to which Consolo was entitled to noneconomic damages. During the hearing, Consolo played voicemails that were left by UMG that verified the threatening nature of the calls. Consolo also introduced emails regarding the incident including one containing the same threatening rhetoric used in the phone calls, sent by Secure Funding, an entity with whom UMG operates in concert. (Doc. No. 9-1).

## III. STANDARD

Federal Rule of Civil Procedure 55 governs the entry of both default and default judgments. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. Pro. 55(a). The clerk's office entered default against Defendants on May 15, 2017. (Doc. No. 5).

The clerk's office may enter a default judgment if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. Pro. 55(b)(1). Consolo seeks damages under a federal statute that permits a court to exercise discretion in awarding damages within a specified range. (Doc. No. 6); *see also*, 47 U.S.C. § 605(e)(3)(C). Therefore, Consolo's motion for a default judgment must be analyzed under Rule 55(b)(2), which governs all cases in which a court enters a default judgment. *See* Fed. R. Civ. Pro. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment.").

"An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. Pro. 8(b)(6). "Where damages are unliquidated a default admits only [the] defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (*quoting Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc), *cert. denied*, 464 U.S. 818 (1983)).

## IV. DISCUSSION

Based upon on Defendants' conduct, Consolo alleges violations under the Fair Debt Collections Practices Act (FDCPA), the Ohio Consumer Sales Practices Act (OCSPA), the Telephone Consumer Protection Action (TCPA), and the Ohio Pattern of Corrupt Activity Act (OPCAA). (Doc. No. 1). Because Defendants failed to respond to Consolo's allegations, they are deemed to have admitted them. *See* Fed. R. Civ. Pro. 8(b)(6); *Antoine*, 66 F.3d at 110.

A.   FDCPA

The purpose of FDCPA, among other things, is "to eliminate abusive debt collection practices by debt collectors" and "protect consumers against debt collection abuses." 15 U.S.C. § 1692. Accepting Consolo's factual allegations as true, the calls placed by Defendants violate the FDCPA. *See, e.g.*, § 1692b(1) (requiring debt collectors to identify themselves); § 1692c(b) (forbidding debt collectors to communicate with third parties without prior authorization); § 1692d(5) (forbidding debt collectors to engage a person in telephone conversation repeatedly with the intent to annoy, abuse, or harass the person); § 1692d(6) (forbidding debt collectors from placing phone calls without disclosing their identity); § 1692e(7) (forbidding debt collectors from falsely implicating that the consumer has committed a crime in order to disgrace consumer). Therefore, Consolo is entitled to damages from Defendants in the form of actual damages, statutory damages, and reasonable attorney's fees and costs. § 1692k(a).

Although Consolo has claimed no economic loss, actual damages under the FDCPA include noneconomic damages. Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813–Civil Liability) ("The courts have awarded 'actual damages' for FDCPA violations that were not just out-of-pocket expenses, but included damages for personal humiliation, embarrassment, mental anguish, or emotional distress."). But while "a plaintiff may rely on his own testimony to establish such damages, 'he must explain the circumstances of his injury in reasonable detail,' and may not 'rely on conclusory statements' unless the 'facts underlying the case are so inherently degrading that it would be reasonable to infer that a

3

person would suffer emotional distress from the defendant's action.'" *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F. Supp. 2d 968, 976-77 (N.D. Ohio 2008) (quoting *Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004) (abrogated on other grounds by *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007))); *see also Harding v. Check Processing, LLC*, 2011 WL 1097642, 2-3 (N.D. Ohio Mar 22, 2011); *Miller v. Prompt Recovery Servs., Inc.*, 2013 WL 3200659, at *12-*13 (N.D. Ohio June 24, 2013).

Here, Consolo asserts that she has sustained actual damages in the form of "fear, annoyance, aggravation, embarrassment, damage to credit, depression, anxiety, sleep deprivation, loss of appetite, associated physical ailments, and economic loss." (Doc. No. 1). During the hearing, Consolo explained the extent of the calls and played a voicemail left by UMG for the court. She also stated that UMG called not only her sister and ailing mother, but also called her work in an attempt to collect the alleged debt. The voicemail and accompanying email verified the malicious nature of the communication including the threat of arrest. Due to the egregious conduct by the Defendants, I find Consolo is entitled to noneconomic, actual damages under the FDCPA.

Further, in addition to actual damages, the debt collector may also be liable for "additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). Factors to consider in assessing the amount of additional damages to be awarded include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Considering the facts described above, I find reasonable Consolo's request for the full $1,000 provided by statute and award $1,000 for the FDCPA violation, accordingly. *See* 15 U.S.C. § 1692k(a).

Finally, since Consolo is successful on her FDCPA claim, she is entitled to costs and reasonable attorney's fees. Here, Consolo's attorney billed twenty hours on this matter at a rate of $275 per hour for a total of $5,500 prior to the hearing. (Doc. No. 6-1 at 2). Fine joined a different law firm prior to the hearing and now bills at $325 per hour. (Doc. No. 9-5). He spent another 6.5

hours for preparation for and participation in the hearing, for a total of another $2, 112.50 in attorney's fees. *Id.* I find the attorney's fees to be reasonable and award them in the total amount of $7,612.50 under the FDCPA.

B.   OCSPA

The OCSPA was enacted "to prevent unfair, deceptive, and unconscionable acts and practices, to provide strong and effective remedies, both public and private, to assure that consumers will recover any damages caused by such acts and practices, and to eliminate any monetary incentives for suppliers to engage in such acts and practices." Am.Sub.H.B. No. 681, 137 Ohio Laws, Part II, 3219, 3219. Taking Consolo's factual allegations as true, Defendants have knowingly engaged in "unfair and deceptive behavior" by threatening Consolo and misrepresenting themselves during the calls. O.R.C. § 1345.02. Because of Defendants' violation of the OCSPA, Consolo is entitled to an injunction, $200 in statutory damages, and reasonable attorney's fees, as requested. (Doc. No. 6 at 2); *see also* O.R.C. § 1345.09 (B), (D), (F).

Consolo also moved for an award of $5,000 in noneconomic damages, the maximum permitted under statute. O.R.C. § 1345.09(B). As discussed above, Defendants engaged in particularly egregious conduct entitling Consolo to noneconomic damages under the FDCPA. Because of the $5,000 cap under the OSCPA, Consolo moves for the full $5,000 for all noneconomic damages in this case, and I find that sum to be appropriate.

C.   TCPA

Defendants violated the TCPA by using an automatic telephone dialing system to place calls to Consolo's cellphone. 47 U.S.C. §227 (b)(1)(A)(iii). An individual may receive $500 for each phone call made in violation the TCPA. § 227 (b)(3)(B). But, "[i]f the court finds that the defendant willfully or knowingly violated [the TCPA], the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." § 227(b)(3). Here, at least six calls were made. Consolo alleges that since the

5

calls continued after she asked that they be ceased, they were made *knowingly*. Accordingly, $500 is awarded for the first phone call and $1,500 is awarded for every phone made after Consolo's request, totaling $8,000 in damages under the TCPA.

D.   Ohio Pattern of Corrupt Activity Act

Taking Consolo's allegations to be true, Defendants engaged in a pattern of corrupt activity in violation of the OPCAA by repeatedly calling and demanding money in the form of interest and penalties to which they were not entitled. O.R.C. §§ 2923.31(l)(2); 2923.32(A); 2913.05. Under the OPCAA, an injured person may bring "a cause of action for triple the actual damages the person sustained." O.R.C. § 2923.34 (E). Because Consolo sustained $5,000 in noneconomic damages, Consolo is awarded $15,000 in damages under the OPCAA. *See Fantozzi v. Sandusky Cement Prod. Co.*, 64 Ohio St. 3d 601, 612 (1992) (finding compensatory damages to be damages for "actual loss" including mental pain and suffering).

## V.   CONCLUSION

Plaintiff Wendy Consolo is granted default judgment. Consolo is awarded statutory damages as follows: (1) $1000 under the FDCPA; (2) $200 under the OSCPA; and (3) $8,000 under the TCPA. Further, she is awarded $5,000 in noneconomic damages, as capped by the OCSPA. In turn, Defendants owe her an additional $15,000 for the violation the OPCAA. Additionally, Defendants must pay $7,612.50 in attorney's fees plus costs for Consolo's successful claims under the FDCPA, OCSPA, and Ohio racketeering laws. Finally, Defendants are enjoined from further conduct in violation of the statutes.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge